IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WEBNX, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CUMMINS INC. and CUMMINS BRASIL, LTDA.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br><br>Case No. 1:23-cv-00055-JNP-JCB<br><br>District Judge Jill N. Parrish |

Plaintiff WebNX, Inc. sued defendants Cummins Inc. and Cummins Brasil, Ltda. for strict product liability, negligence, and breach of implied and express warranties. Cummins Inc. (Cummins) moves to dismiss all claims against it.[1] ECF No. 10. The court DENIES the motion.

## BACKGROUND[2]

In 2014, WebNX entered into a long-term lease for a building to house computer servers. WebNX purchased a diesel generator from its landlord to power the servers in the event of a power outage. On April 4, 2021, a power outage occurred, and the generator automatically turned on. After operating properly for 30 minutes, a piece of the engine punctured the exterior of the generator. Flames emitted from the hole in the generator, causing a fire in the building. The fire damaged WebNX's computer servers, other WebNX property, and the building itself.

WebNX sued the companies that manufactured and originally sold the generator—Cummins and Cummins Brasil, Ltda.—asserting claims for strict product liability, negligence, and

---

[1] When Cummins filed its motion to dismiss, Cummins Brasil, Ltda. had not been served.

[2] The court recites the facts as alleged in WebNX's complaint.

breach of implied and express warranties. WebNX sought damages caused by the fire. Cummins moves to dismiss the claims against it for two principal reasons. First, it argues that a written warranty for the generator bars all of the claims. Second, it contends that the dates alleged in the complaint show that the claim for breach of express and implied warranties is barred by the applicable statute of limitations.

## LEGAL STANDARD

Cummins argues that the claims against it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

## ANALYSIS

### I.    THE LIMITED WARRANTY

In conjunction with its motion to dismiss, Cummins filed the declaration of one of its employees, Jason Wollak. He avers that Cummins maintains a file of historical warranties for its products. Wollak states that he used the model and serial number of the generator listed in the complaint to locate the written warranty for the generator, which he attached to his declaration. This document, titled "Manufacturer's Limited Warranty," states that its commercial stationary generators "are warranted for a period of one (1) year from the date of initial start-up" and provides that the manufacturer is not liable for incidental or consequential damages. The Limited Warranty

also purports to limit the implied warranties of merchantability and fitness for a particular purpose for its products to the same one-year period. Finally, the Limited Warranty states that the "Owner's sole remedy for a failure of goods under this warranty and for any and all other claims arising out of the purchase and use of the goods, including negligence on the part of the manufacturer, shall be limited to the repair of the product."

Cummins argues that WebNX is bound by the terms of the Limited Warranty. It contends that this warranty bars WebNX's claim for breach of express and implied warranties because the one-year warranty period had run and because the document disclaims liability for consequential damages. Cummins further asserts that the Limited Warranty bars WebNX's claims for strict product liability and negligence because it provides that the sole remedy for a failure of its generators is repair of the generator, not consequential damages caused by the failure.

Cummins's arguments are premised on its ability to use the Limited Warranty to support its motion to dismiss. "Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). But a court may consider a document submitted by a defendant if (1) "the document is referred to in the complaint," (2) it "is central to the plaintiff's claim," and (3) the defendant submits "an indisputably authentic copy to the court." *Id.* If a defendant satisfies these requirements, the district court has discretion to consider the document when evaluating a motion to dismiss; but it is not required to do so. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

The court determines that it may not consider the Limited Warranty because the complaint does not refer to it and, at this stage of the litigation, it is not clear that this document is central to WebNX's express breach of warranty claim. Cummins relies on the following language form the complaint to support its argument that the Limited Warranty is a proper part of these proceedings:

3

> . . . Defendants breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in derogation of <u>Utah Code Ann. § 70A-2-313</u>. Defendants are in a better position to produce such express warranty as the manufacturer and distributor of such product.

This allegation does not refer to the Limited Warranty or any other specific document. In essence, WebNX claimed that some unknown expression of a warranty was incorporated into the original contract for sale of the generator and that the defendants would be in the best position to identify such an express warranty. But the Tenth Circuit has consistently held that a reference to specific documents is required. *See Berneike*, 708 F.3d at 1146–47 (holding that the district court properly considered monthly billing statements because they were "explicitly referenced" in the complaint); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (holding that the district court properly considered a letter that the plaintiff frequently referred to and quoted in the amended complaint). WebNX's indefinite allusion to some unidentified expression is not sufficient to qualify as a reference to specific document that would justify the court's consideration of the Limited Warranty.

Accordingly, Cummins has not shown that all of the requirements for considering the Limited Warranty at the motion-to-dismiss stage of the litigation have been satisfied. Moreover, WebNX is entitled to discovery to test whether the 35-year-old document[3] found in a file was the express warranty incorporated into the purchase contract for the generator. The court, therefore, exercises its discretion to not consider the Limited Warranty at this stage of the litigation. Accordingly, Cummins cannot prevail on its arguments for dismissal based on this document.

---

[3] The date 1/1/89 is inscribed at the bottom of the second page of the Limited Warranty.

## II.     STATUTE OF LIMITATIONS FOR THE BREACH OF WARRANTY CLAIM

Cummins also argues that the statute of limitations for WebNX's breach of warranty claim ran before it brought this suit. It asserts that the four-year statute of limitations for an action for breach of a contract for sale applies to this claim. *See* UTAH CODE § 70A-2-725(1). This statute provides, in part: "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . . ."[4] *Id.* at § 70A-2-725(2). Cummins contends that because tender of delivery must have occurred before WebNX purchased the generator from its landlord in 2014, the four-year statute of limitations necessarily ran by the time that the generator caused the fire in 2021.

Cummins, however, has not shown that the complaint firmly establishes that § 70A-2-725 applies to WebNX's breach of warranty claim. The Utah Supreme Court has held that § 70A-2-725 "does not apply to an action for personal injury or personal property damage, unless the latter is recoverable as consequential damages for breach of a contract or sales warranty." *Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794 P.2d 11, 16 (Utah 1990). WebNX seeks personal property damages to its servers and other property due to the fire caused by the generator's failure. Thus, § 70A-2-725 applies only if these personal property damages are recoverable as consequential damages under the terms of the warranty. But Cummins has not shown that WebNX may recover personal property damages for the fire under the terms of the warranty. Indeed,

---

[4] In its briefing, Cummins omits the following caveat to the breach-on-delivery language: "except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." UTAH CODE § 70A-2-725(2). Because the court finds that Cummins has not proven that the statute of limitations for breach of warranty applies here, the court need not decide whether this language could affect the accrual date of WebNX's claim.

Cummins argues in its briefing that all applicable warranties preclude the recovery of consequential damages. Because Cummins has not satisfied its burden of proving that the statute of limitations in § 70A-2-725 applies to WebNX's breach of warranty claim, rather than the statute of limitations under the Utah Product Liability Act (UPLA),[5] the court denies the motion to dismiss the breach of warranty claim.

## CONCLUSION

For the above-stated reasons, the court denies Cummins's motion to dismiss.

DATED February 14, 2024.

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[5] The UPLA provides for a two-year statute of limitations in "any action for damages for personal injury, death, or property damage allegedly caused by a defect in a product." UTAH CODE §§ 78B-6-703(1), 78B-6-706. An action under the UPLA accrues when the plaintiff "discovered, or in the exercise of due diligence should have discovered, both the harm and its cause." *Id.* at § 78B-6-706.