IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WEBNX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CUMMINS INC. and CUMMINS BRASIL, LTDA.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND COMPLAINT<br><br>Case No. 1:23-cv-00055-JNP-JCB<br><br>Chief Judge Jill N. Parrish |

Plaintiff WebNX, Inc. sued defendants Cummins Inc. and Cummins Brasil, Ltda. (collectively, the defendants) for claims arising from a fire caused by a diesel generator that the defendants designed and manufactured. WebNX asserted three causes of action: (1) strict product liability, (2) negligence, and (3) breach of implied and express warranties. Before the court is WebNX's motion to amend its complaint to remove its breach of warranty claim. Dkt. No. 52. The motion is GRANTED.

"The court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). Despite the fact that WebNX seeks leave to remove a claim that the defendants previously moved to dismiss, the defendants oppose the motion to amend on two grounds.

First, the defendants argue that the court should deny the motion to amend because WebNX did not invoke the correct rule of civil procedure. Under the court's scheduling order, the deadline to amend the pleadings was January 16, 2026. Dkt. No. 51. This motion to amend, however, was filed on June 16, 2026. The defendants contend that WebNX must first move to amend the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure—and satisfy the good-cause standard associated with this rule—before moving for leave to amend under Rule 15(a)(2). The defendants do not cite any caselaw to support their contention. Moreover, to the extent that a showing of good cause to amend the scheduling order is needed, that standard is easily met. Because WebNX seeks to remove a claim from this litigation, the defendants will not be prejudiced if leave to amend is granted. Thus, whether the court looks to Rule 15(a)(2), Rule 16(b)(4), or both, the timing of WebNX's motion to amend does not bar leave to amend.

Second, the defendants argue that dismissal of the warranty claim will not insulate WebNX's remaining claims from the limitations to liability found in the limited warranty that purportedly accompanied the sale of the generator. But the defendants do not explain why this is a reason not to grant leave to amend. Nor is WebNX's motion to amend the complaint to dismiss its breach of warranty claim a proper vehicle to litigate the defendants' arguments regarding the strict product liability and negligence claims. The defendants have already argued that the limited warranty bars the strict product liability and negligence claims in their motions to dismiss. Dkt. Nos. 10, 25. And they will have an opportunity to reassert their argument in a motion for summary judgment or at trial. Therefore, the defendants' argument regarding the effect of the limited warranty on the remaining claims is not a valid reason to deny leave to amend the complaint to delete the breach of warranty claim.

Accordingly, WebNX's motion to amend is GRANTED. It shall have until November 5, 2026 to file the proposed amended complaint attached to its motion.

DATED October 29, 2026.

BY THE COURT

Jill N. Parrish
Chief Judge for the District of Utah